Filed 6/6/23  Azarkman v. Fux CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

|  |  |
|---|---|
| JERRY YORAM AZARKMAN, | B312291 |
| Plaintiff and Appellant, |  |
| v. | (Los Angeles County Super. Ct. No. 20STCV23643) |
| MAURICIO JOFFEE FUX, |  |
| Defendant and Respondents. |  |

APPEAL from an order of the Superior Court of Los Angeles County, Robert S. Draper, Judge.  Affirmed in part, reversed in part, and remanded with instructions.

Dolan Law Firm, Christopher Dolan, Allison Stone; The Arkin Law Firm and Sharon J. Arkin; Doll Amir Eley, Gregory L. Doll and Lloyd Vu for Plaintiff and Appellant.

Winston & Strawn, Jeffrey L. Steinfeld, Kevin P. Simpson for Defendant and Respondent.

Appellant Jerry Azarkman and his brother, Ron Azarkman,[1] have a long-running dispute over the operation and management of several jointly owned entities. Jerry filed an unsuccessful petition seeking appointment of a provisional director for one of those entities (the provisional director action). Jerry subsequently filed this lawsuit against Ron and respondent Mauricio Fux, general counsel for the joint entities, for breach of fiduciary duty and other claims relating to the brothers' dispute. Jerry alleged that Fux represented both the joint entities and other entities owned by Ron, creating a conflict of interest, and assisted Ron in siphoning money from the joint entities to benefit Ron. In the fourth cause of action against Fux for breach of fiduciary duty, Jerry also alleged that Fux harmed Jerry and the joint entities by helping to defeat the provisional director action, including by filing a declaration in opposition to Jerry's petition.

Fux filed a special motion to strike the breach of fiduciary duty cause of action under the anti-SLAPP statute, Code of Civil Procedure section 425.16.[2] The superior court granted the motion, finding that the cause of action arose from Fux's protected litigation conduct in connection with the provisional director action, and that Jerry had not shown a probability of success on the merits of his claim.

Jerry appealed, arguing that the conduct he alleged by Fux was not protected activity under the statute, because his claim arose from his allegations regarding Fux's conflict of interest rather than litigation-related activity. He also contends that the superior court erred in finding that he could not show a probability of prevailing on the merits. We conclude that Jerry's fourth cause of action alleges both protected and unprotected conduct. As such, we affirm the trial court as to Jerry's claim based on Fux's conduct related to the provisional director action. However, Jerry also alleged a claim

---

[1] We refer to the Azarkmans by first name to avoid confusion. No disrespect is intended.

[2] SLAPP is an acronym for "strategic lawsuits against public participation." (*FilmOn.com Inc. v. DoubleVerify Inc.* (2019) 7 Cal.5th 133, 139.) All further statutory references are to the Code of Civil Procedure unless stated otherwise.

for breach of fiduciary duty based on unprotected conduct by Fux. Thus, the trial court erred in striking the fourth cause of action entirely and we reverse that portion of the court's order.

FACTUAL AND PROCEDURAL HISTORY

## I.    *Complaint*[3]

Jerry filed the complaint in June 2020 individually and derivatively on behalf of the joint entities, DIR, Curacao, Ltd. (Curacao), and 1605-25 W. Oly, LLC (Oly). The complaint alleged 17 causes of action[4] against Ron and Fux, with the joint entities named as nominal defendants. The complaint included numerous claims against Ron, including for breach of contract, breach of fiduciary duty, and conversion, and four claims against Fux for breach of fiduciary duty, professional negligence, waste of assets, and unfair competition. Only the fourth cause of action is at issue in this appeal, alleging breach of fiduciary duty owed to the joint entities and Jerry, brought by Jerry individually and on behalf of Oly and Curacao against Fux.

The complaint alleged the following facts, as relevant to the issues in this appeal. Jerry and Ron opened a department store, Curacao, in Los Angeles in 1983, which later became a chain of department stores in California and Arizona. The brothers ran their retail business together, along with various other businesses. In 1994, the brothers purchased a property containing office, retail, and parking space at 1605 West Olympic Boulevard in Los Angeles, as well as several adjacent lots. The Curacao store was the primary retail tenant at the property; some of Ron's business entities were also tenants there. In connection with the purchase of the property, Jerry and Ron formed DIR and Curacao.

---

[3] We previously granted Jerry's motion to augment the record on appeal with an appellant's appendix containing his complaint.

[4] The caption of the complaint listing the causes of action does not match the causes of action alleged in the body of the complaint. For example, the caption lists the fourth cause of action as "abuse of control," while the body alleges that cause of action as a breach of fiduciary duty. The caption also lists only 15 causes of action, while the complaint includes 17 claims. We refer to the claims here as they are identified in the body of the complaint.

DIR is a closely held corporation, incorporated in 1994, with Jerry and Ron each owning 50 percent of its stock and serving as its directors. Jerry and Ron also formed Curacao, a limited partnership, with DIR as the general partner and Jerry and Ron as equal limited partners. Curacao is the sole member of Oly, which was formed as a limited liability company in 2012 in order "to operate and hold ownership title to the Property."

Beginning in 2010, Jerry and Ron began to have "serious personal and business disagreements." At that time, Ron was chief executive officer of the joint entities and oversaw operations and accounting, while Jerry was "primarily involved in marketing and purchasing." Jerry became suspicious that Ron was allocating greater distributions from the businesses to himself than to Jerry. In approximately 2013, Ron also began excluding Jerry from "playing any significant role with respect to the management and operations" of the property and of the joint entities. In addition, Jerry was unable to access financial or operational information for the joint entities. Based on the limited information he received, Jerry concluded that the property was "being operated and managed in a way that fails to maximize revenue" for Curacao, DIR, and Jerry, but instead benefitted Ron and Ron's entities. As an example, Jerry alleged that Ron had entered into lease agreements between the joint entities and Ron's entities, with "free and/or below market rents" and other terms highly favorable to Ron's entities as the tenants. Jerry alleged that this conduct breached Ron's "fiduciary and good faith duties" to the joint entities and to Jerry as the "only other partner and/or shareholder."

Jerry also contended that Ron gave himself secret distributions of over $1,000,000, while telling Jerry that the joint entities had insufficient funding to make any distributions. Jerry alleged that Fux "helped [Ron] with his self-dealings through these secret distributions."

At all relevant times, Fux was the vice president or executive vice president (EVP) of DIR, Curacao, and Oly. He also served as general counsel for the joint entities, as well as for "numerous other businesses" owned by Ron. One of these other businesses was Adir Management Services, for which Fux was general counsel and EVP. In a section of the factual allegations with the heading "Defendant Fux's Professional Failure and Breach of Fiduciary Duty to Act with Undivided Loyalty and in the Best

4

Interest of Oly, Curacao, and DIR" (paragraphs 148-159), Jerry alleged that Ron "regularly delegates important material tasks" to Fux on behalf of the joint entities in Fux's capacity as general counsel and/or an officer of those entities, that Fux "had the actual and/or apparent authority to act on behalf" of those entities, and that the joint entities, through Ron, "ratified the acts" of Fux. At the same time, Fux also "held himself out to be" an officer and general counsel of several of Ron's other entities, and Fux's salary was paid by Ron and/or Ron's entities. Jerry alleged that "[t]his is significant evidence of [Fux's]conflict of interest and breach of his duty of loyalty, his fiduciary duty and his obligation to act in good faith and for/in the best interests of the partners and shareholders" of the joint entities. Fux, "as an officer and/or director and/or employee" of Ron and Ron's entities, "has taken positions and undertaken actions contrary to the best interests" of the joint entities and their partners and shareholders. Fux never disclosed any conflict of interest and never obtained a waiver from the joint entities or from Jerry. Fux's concurrent representation of the joint entities and Ron's entities, without disclosure of the conflict and written consent from the joint entities, "constitutes a breach of his professional duty of undivided loyalty and his fiduciary duty owed to [Jerry] and the [joint entities] and their shareholders and partners and as a result, [Jerry and the joint entities] have been harmed and have suffered damages."

Jerry "sought to break the stalemate" created between the brothers in the operations of the joint entities by filing the provisional director action in Los Angeles Superior Court. In his petition, Jerry requested appointment of a neutral provisional director for DIR. Ron, through DIR, with "the legal assistance and counsel of" Fux, defeated the petition, "based primarily on the fact that Curacao and DIR were making a profit."

The fourth cause of action against Fux for "breach of fiduciary duty owed to Oly, Curacao, DIR, and [Jerry]," was brought by Jerry "as a Director of DIR, Partner in Curacao, derivatively on behalf of Oly and Curacao, and as an individual." The claim is contained in paragraphs 238 to 261 of the complaint. Paragraph 238 incorporated by reference the preceding paragraphs. Paragraphs 239 through 252 contained allegations about Fux's roles for the businesses. In paragraphs 239 and 240, Jerry alleged that Fux,

5

as general counsel to the joint entities, owed those entities and Jerry "a fiduciary duty of utmost good faith and to act in their best interest and with complete and undivided loyalty." Paragraphs 241 to 243 alleged that Fux provided legal advice to DIR regarding "partnership business" and to assist DIR and Ron in managing Curacao and fulfilling "the fiduciary duties owed to the limited partners of Curacao." In paragraphs 244 through 247, Jerry alleged that Fux knew that the advice he was giving to DIR was for the benefit of Curacao and its limited partners, including Jerry, and that by representing DIR and Curacao, Fux "assumed a duty of care" to both Curacao and Jerry as a partner. Jerry further alleged that Fux knew that his "role and authority" as general counsel for the joint entities "prohibited him from accepting other representation, including Ron and Ron's entities, "in matters adverse to" the interests of the joint entities or Jerry. Paragraph 248 alleged that Fux "had an intractable conflict of interest" by serving as "an officer and/or, council [*sic*] and/or general counsel" to the joint entities while also serving in the same role for Ron and Ron's entities. Paragraph 249 alleged that Ron's entities had "business dealings with Curacao and DIR which have been manipulated by [Ron], aided and abetted by" Fux, to the benefit of Ron and his entities and the detriment of the joint entities. Paragraphs 250 to 252 alleged that Fux, as attorney to the joint entities, owed a "duty of utmost loyalty and good faith" to the joint entities "and their partners and shareholders," including Jerry, that duty was "in direct conflict" with Fux's representation of Ron and Ron's entities, and that Fux failed to disclose that conflict to, or obtain a waiver from, Jerry or the joint entities.

Paragraphs 253 to 256 focused on Fux's conduct related to the provisional director action. Specifically, Jerry alleged that the appointment of a provisional director for DIR "would have been materially beneficial" to the joint entities by ending the impasse between Jerry and Ron, which "effectively left full and complete control of the [joint entities] in the hands of the self-interested" Ron. Fux, acting as general counsel to the joint entities and to "numerous other" of Ron's entities, "played a material role in DIR contesting the petition" for provisional director, which was denied "after great cost and expense" to Jerry and DIR. Jerry also alleged that DIR and the joint entities were harmed based on the denial of the appointment petition.

6

Further, Fux's "participation in the defeat" of the appointment petition "demonstrated his . . . lack of independence and impartiality as the appointment would have broken the stalemate."

The remaining paragraphs of the fourth cause of action broadly alleged that Fux breached his "duty of care as a fiduciary and as an attorney" owed to the joint entities (paragraph 257), "failed to act as a reasonably careful attorney would have acted under the same or similar circumstances" (paragraph 258), that the joint entities and Jerry were harmed "as a result" (paragraph 259), that Fux's conduct "was a substantial factor in causing harm" to the joint entities and Jerry (paragraph 260), and that Fux acted with a conscious disregard such that he is subject to punitive damages (paragraph 261).

## II.    *Anti-SLAPP Motion*

Fux filed an anti-SLAPP special motion to strike pursuant to section 425.16.  Fux sought to strike the fourth cause of action, as well as related allegations in paragraph 281 in the fifth cause of action,[5] arguing that the claim arose from litigation-related activity by Fux, specifically "providing DIR with legal advice and a declaration" in the provisional director action.  Fux also argued that Jerry could not show a probability of success on the merits of his claim because it was barred under the one-year statute of limitations for legal malpractice claims and because Jerry could not establish that Fux owed or breached any fiduciary duty to him, Oly, or Curacao based on the provisional director litigation.

Fux also filed a request for judicial notice of numerous documents related to the provisional director action.[6]  These documents provided the

---

[5] The fifth cause of action alleged breach of duties against Ron and DIR. Paragraph 281 alleges that Fux "played a material role" in DIR's opposition to the petition for appointment of a provisional director, that the petition was denied "after great cost and expense" to Jerry and DIR, and that these actions were "not in the best interests" of Curacao, DIR, or Jerry.  Jerry does not raise any separate arguments regarding this paragraph on appeal.

[6] Fux filed a motion on appeal seeking to augment the record with a respondent's appendix containing his request for judicial notice filed in support of his anti-SLAPP motion, as well as two other documents related to

7

following evidence. In Jerry's provisional director petition, filed against DIR in 2018, Jerry alleged that he and Ron were the sole directors and shareholders of DIR; they were deadlocked and "unable to agree as to the management of DIR's affairs." Jerry therefore asked the court to appoint a provisional director to the board to break the deadlock. Jerry also filed a motion to appoint a provisional director, which DIR opposed.

Fux filed a declaration in support of DIR's opposition to the provisional director appointment, stating that he was the Executive Vice President and General Counsel of the Adir group of companies, including DIR, Curacao, and Oly; he had worked for these entities since 1999; and his job included providing in-house legal services to these entities. Fux detailed the background of the business relationship between Ron and Jerry, their creation and management of the joint entities, and the purchase and operation of the property. He stated that Jerry had waged a "campaign to destroy the companies that he and his brother founded," including calling the first ever board meeting for DIR in 2017 and making demands in order to create a purported deadlock of the board. Fux also discussed efforts by DIR and Ron to cooperate with Jerry and provide the financial information he had requested. The superior court denied the motion for a provisional director in December 2018. Jerry dismissed the provisional director action without prejudice in December 2019.

Jerry filed an opposition to the motion to strike, arguing that the fourth cause of action arose from Fux's actions in his "dual capacity" as EVP and general counsel, rather than the declaration he provided for DIR in the provisional director action. Jerry argued that Fux was not acting as counsel for DIR in the provisional director action and Fux submitted the declaration based on his personal knowledge of loan and lease documents in his capacity as EVP and general counsel. Jerry also asserted that Fux's declaration was "immaterial" and collateral to Jerry's fourth cause of action, because the

---

Fux's second anti-SLAPP motion, which was filed in response to Jerry's first amended complaint. The first amended complaint and second anti-SLAPP motion are at issue in this appeal. We therefore grant Fux's motion to augment the record only as to the first document, Fux's request for judicial notice.

principal thrust of the claim was contained in paragraphs 248 to 249 of the complaint, namely, that Fux had a conflict of interest by serving as general counsel and an officer for the joint entities and also for Ron and Ron's entities. Jerry also argued that Fux's conduct was not protected because it was illegal.

Turning to the second prong, Jerry contended that his claim was not time-barred because the continuous representation exception applied, as Fux was still representing the entities. Jerry also argued that he had established a probability of success on the merits of his claim by showing that Fux breached his fiduciary duties by representing both sides despite clear and unwaived conflicts of interest.

Jerry included multiple exhibits with his opposition, including a copy of the Fux declaration filed in opposition to the provisional director petition.

In reply, Fux argued that the protected activity related to the provisional director action was the only wrongful conduct alleged in the fourth cause of action and that Jerry had not alleged any other breaches of any duty. As for the second prong, he argued that the claim was untimely under the one year statute of limitations for malpractice, section 340.6. He stated that the continuing representation exception was inapplicable, as it only applied where the representation continued on the same subject matter.

III. *Hearing and Ruling*

At the January 2021 hearing on the motion to strike, the court asked whether Jerry had alleged any conduct by Fux in support of the fourth cause of action other than his participation in the defense of the provisional director action. Jerry's counsel responded that the complaint alleged that Fux engaged in business dealings representing both the joint entities and Ron, including entering into leases that were advantageous to Ron. The court also asked whether there was evidence that Fux ever represented Jerry personally. Jerry's counsel said he believed so, but that the evidence was not included in the record on the motion. The court took the matter under submission.

In response to the court's questions at the hearing, Jerry submitted a declaration on February 2, 2021, "regarding Mauricio Fux advising plaintiff about legal matters." In the declaration, he listed matters in which he

9

claimed to have received personal legal advice from Fux, including his divorce, personal tax issues, his individual ownership rights, and dissolution of a business entity. Fux submitted a responsive declaration, stating that Jerry's assertions regarding legal advice were vague, inaccurate, and irrelevant to the DIR dispute.

The court held a second hearing on February 22, 2021.[7] Following argument by the parties, the court adopted its written tentative ruling granting the motion to strike.

In its written ruling, the court granted Fux's request for judicial notice. Turning to the first prong of the anti-SLAPP analysis, whether the cause of action arose from protected activity, the court noted that the fourth cause of action contained broad allegations regarding Fux owing a fiduciary duty and having a conflict of interest. However, the court found that "the only injury Plaintiff alleges is that Fux assisted Ron Azarkman in contesting" the petition for provisional director appointment and failed "'to act as a reasonably careful attorney,' which resulted in harm to" Jerry and the joint entities.

The court found that the fourth cause of action "alleges two general types of conduct by Fux: (1) advice and counsel to DIR regarding 'partnership business' of DIR and Curacao"; and (2) contesting the petition in the provisional director action. The court noted that Fux had provided evidence showing that "the relevant 'advice and counsel' regarding 'partnership business' all relate to the filing of" the provisional director action. The court found that Fux "has established that his alleged conduct is protected activity," reasoning that the "gravamen [of] Paragraphs 253-2[5]6 and paragraph 281 of the Complaint is clearly that in representing and giving advice to DIR in connection with the petition for appointment of an independent director, Fux violated his fiduciary duty" to Jerry.[8]

---

[7] There was no court reporter present for this hearing.

[8] The court's order states that Fux "violated his fiduciary duty to Ron Azarkman," but in context, it is clear that this is an error and the court intended to reflect the complaint's allegations that Fux violated his fiduciary duty to plaintiff *Jerry*, not defendant Ron. We similarly assume inadvertent

Turning to the second prong, probability of success on the merits, the court found that the one-year statute of limitations under section 340.6 applied, as the fourth cause of action depended "on proof th[at] Fux violated a professional obligation and that the only claim of 'injury' supported by any evidence is Fux's participation" in the provisional director action. The court further found that the statute of limitations began running "at the latest, on November 21, 2018," when Fux filed the declaration in the provisional director action. Because Jerry did not file his complaint until June 2020, it was untimely. The court rejected Jerry's reliance on the continuous representation rule, noting that for the rule to apply, Jerry "would need to prove two things: (1) that Fux personally represented him and, (2) that this representation continued after Fux filed his declaration and was 'substantially related' to that prior representation." However, the court found that there was "no evidence at all that Fux ever personally represented" Jerry, and that Fux's representation of closely held corporations owned by Jerry and Ron could not establish a duty to Jerry individually.

The court also rejected Jerry's argument that Fux's actions were not protected because they were illegal, noting that the exception applied only where the alleged conduct was criminal, and that no such allegations were made here. The court thus concluded that Jerry had not established a probability of prevailing on the merits, and granted Fux's special motion to strike.

In a minute order on March 1, 2021, the court made supplemental findings regarding the anti-SLAPP motion, but noted that these findings did not affect the prior ruling on the motion. The court noted that Jerry's declaration "appeared to studiously avoid discussion of the time frame during which these legal services were allegedly rendered." The court continued, "It is not surprising that over a long period of time the General Counsel to corporations jointly owned by the Azarkman brothers would discuss legal matters with them." But the relevant issue for Jerry's continuing representation contention was whether Fux ever represented Jerry

error where the complaint alleges claims, for example, on behalf of "Plaintiff RSA [Ron Sahar Azarkman]," instead of Jerry.

personally after filing the declaration in the provisional director action. "The fact that [Jerry] did not identify any such representation proved perhaps more clearly than silence the fact that there was none and therefore no 'continuing representation' which would toll the statute of limitations."

The court also responded to Jerry's counsel's argument at the first hearing that the fourth cause of action was based on more than the provisional director action. The court found that the complaint paragraphs cited by counsel "make broad and sweeping allegations regarding duties Fux allegedly owed to the corporations and limited partnership for which he was serving as general counsel. Causes of action are based upon acts which cause injury, not simply allegations that a duty is owed. . . . [T]he only 'act' that meets this criterion is Fux's protected activity in connection with the prior litigation."

Jerry timely appealed.

## DISCUSSION

Jerry contends the trial court erred in granting the special motion to strike. Specifically, he contends that none of Fux's conduct is protected under the anti-SLAPP statute. Alternatively, he argues that the court read the allegations of the fourth cause of action too narrowly as a claim arising only out of Fux's litigation conduct related to the provisional director action. Instead, he contends that the claim was based on broader allegations regarding the harm suffered from Fux's conflict of interest in providing legal advice to both the joint entities and Ron and Ron's entities, and that such conduct is not protected under section 425.16.

We conclude that the claim for breach of fiduciary duty by Fux is based on both protected and unprotected conduct. Thus, with respect to the protected conduct—Fux's litigation activities in opposition to the provisional director action—we agree with the trial court in granting the motion to strike as to the claim based on that conduct. However, with respect to the alleged breach of fiduciary duty based on other conduct, we find that Fux has not established that his conduct was protected. We therefore affirm in part and reverse in part the order granting the motion to strike.

## I.    *Section 425.16 and Standard of Review*

12

"A cause of action arising from a person's act in furtherance of the 'right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability' that the claim will prevail." (*Monster Energy Co. v. Schechter* (2019) 7 Cal.5th 781, 788, citing § 425.16, subd. (b)(1).) Section 425.16, subdivision (e) describes four categories of acts "'in furtherance of a person's right of petition or free speech'": "(1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law, (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law, (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest, or (4) any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest." (§ 425.16, subd. (e).)

"Anti-SLAPP motions are evaluated through a two-step process. Initially, the moving defendant bears the burden of establishing that the challenged allegations or claims 'aris[e] from' protected activity in which the defendant has engaged." (*Park v. Board of Trustees of California State University* (2017) 2 Cal.5th 1057, 1061 (*Park*).) "If the defendant carries its burden, the plaintiff must then demonstrate its claims have at least 'minimal merit.'" (*Ibid*.)

"We review de novo the grant or denial of an anti-SLAPP motion. [Citation.] We exercise independent judgment in determining whether, based on our own review of the record, the challenged claims arise from protected activity. [Citations.] In addition to the pleadings, we may consider affidavits concerning the facts upon which liability is based. [Citations.] We do not, however, weigh the evidence, but accept plaintiff's submissions as true and consider only whether any contrary evidence from the defendant establishes its entitlement to prevail as a matter of law." (*Park, supra*, 2 Cal.5th at p.

1067.)  The appellant bears the burden of affirmatively demonstrating error.  (*Balla v. Hall* (2021) 59 Cal.App.5th 652, 671.)


## II.    *Step One: Arising From Protected Activity*

In the first step under the anti-SLAPP analysis, the court determines whether the plaintiff's claims arise from protected activity.  (*Bonni v. St. Joseph Health System* (2021) 11 Cal.5th 995, 1009 (*Bonni*).)  "A claim arises from protected activity when that activity underlies or forms the basis for the claim."  (*Park, supra*, 2 Cal.5th at p. 1062.)  "[I]n ruling on an anti-SLAPP motion, courts should consider the elements of the challenged claim and what actions by the defendant supply those elements and consequently form the basis for liability."  (*Id*. at p. 1063.)  Thus, "a claim may be struck only if the speech or petitioning activity itself is the wrong complained of, and not just evidence of liability or a step leading to some different act for which liability is asserted."  (*Id*. at p. 1060.)

A defendant meets its step one burden "by demonstrating that the act underlying the plaintiff's cause [of action] fits one of the categories spelled out in section 425.16, subdivision (e)'."  (*Hunter v. CBS Broadcasting, Inc.* (2013) 221 Cal.App.4th 1510, 1519; see also *Bonni, supra*, 11 Cal.5th at p. 1009 ["defendant's burden is to identify what acts each challenged claim rests on and to show how those acts are protected under a statutorily defined category of protected activity"].)  Claims that arise out of the filing of a lawsuit arise from protected activity for purposes of the anti-SLAPP statute.  (*Bonni, supra,* 11 Cal.5th at p. 1024.)  "Recognized petitioning activities thus include not only the conduct of litigation but also acts and communications reasonably incident to litigation."  (*Id*. at p. 1025.)

Jerry does not dispute that Fux's actions taken on behalf of DIR during the provisional director action constituted litigation conduct.  Instead, he argues at length that none of Fux's conduct is protected because Jerry alleged claims derivatively on behalf of DIR.  Thus, where "a client (i.e., DIR) sues its own attorney (i.e., Fux) for malpractice and/or breach of the duty of loyalty and . . . fiduciary duty, as here, even the attorney's litigation conduct is not protected under the anti-SLAPP statute."  Fux contends that this argument

has been forfeited because Jerry did not raise it below. Jerry acknowledges the potential forfeiture, but asks that we exercise discretion to "decide this very important issue."

We agree with Fux that this argument has been forfeited. (See *Kashmiri v. Regents of University of California* (2007) 156 Cal.App.4th 809, 830 [""'[I]t is fundamental that a reviewing court will ordinarily not consider claims made for the first time on appeal which could have been but were not presented to the trial court."'"]; *Newton v. Clemons* (2003) 110 Cal.App.4th 1, 11, fns. omitted ["we ignore arguments, authority, and facts not presented and litigated in the trial court"].) Moreover, we decline to consider it for the first time on appeal. "Although appellate courts have discretion to consider an issue in the first instance if it raises a question of law on undisputed facts, our Supreme Court has cautioned that such discretion should be exercised rarely and only in cases presenting an important legal issue." (*Wisner v. Dignity Health* (2022) 85 Cal.App.5th 35, 44–45,citing *In re S.B.* (2004) 32 Cal.4th 1287, 1293, superseded by statute on unrelated grounds as stated in *In re S.J.* (2008) 167 Cal.App.4th 953, 962; see also *Saville v. Sierra College* (2005) 133 Cal.App.4th 857, 872–873 ["[i]t would be manifestly unjust to the opposing parties, unfair to the trial court, and contrary to judicial economy to permit a change of theory on appeal"].) Jerry has provided no explanation for his failure to raise the argument below, nor has he supported his contention that this case presents an important legal issue warranting the rare exercise of discretion. We find no basis to consider this issue in the first instance on appeal.

In addition, the record does not support Jerry's argument that a derivative claim by DIR would be outside the scope of section 425.16. As Fux points out, the fourth cause of action was not alleged derivatively on behalf of DIR. Instead, that claim was alleged by Jerry individually and derivatively only on behalf of Curacao and Oly.

No doubt recognizing these issues, in his reply brief Jerry turns his focus to his argument that his fourth cause of action was a "mixed" claim that

was based on both protected and unprotected conduct.[9]  Our Supreme Court has addressed how to proceed "when a plaintiff has pleaded what is sometimes loosely referred to as a 'mixed cause of action' — that is, a cause of action that rests on allegations of multiple acts, some of which constitute protected activity and some of which do not." (*Bonni, supra*, 11 Cal.5th at p. 1010, citing *Baral v. Schnitt* (2016) 1 Cal.5th 376, 382 (*Baral*).)  As the court explained, "[a]nalysis of an anti-SLAPP motion is not confined to evaluating whether an entire cause of action, as pleaded by the plaintiff, arises from protected activity or has merit. Instead, courts should analyze each claim for relief — each act or set of acts supplying a basis for relief, of which there may be several in a single pleaded cause of action — to determine whether the acts are protected and, if so, whether the claim they give rise to has the requisite degree of merit to survive the motion." (*Bonni, supra*, 11 Cal.5th at p. 1010, citing *Baral, supra,* 1 Cal.5th at pp. 393-395.)

Thus, "to the extent [Jerry] has alleged various acts as a basis for relief and not merely as background, each act or set of acts must be analyzed separately under the usual two-step anti-SLAPP framework." (*Bonni, supra*, 11 Cal.5th at p. 1012.)  Here, as the trial court recognized, the complaint alleged two types of conduct by Fux in support of his breach of fiduciary duty claim: (1) advice and counsel to DIR and Curacao regarding "partnership

---

[9] Although Jerry's contention that he alleged a mixed claim is discussed in detail in his reply, he did raise it quickly in his opening brief on appeal.  He also argued more generally that the trial court erred in construing his fourth cause of action too narrowly and thus ignored other allegations of misconduct.  Fux responded to these arguments in his respondent's brief on appeal.  We therefore find that Jerry did not forfeit the issue.  During oral argument, Fux also urged us to find forfeiture because Jerry had not raised the "mixed claim" argument below.  Fux has forfeited this argument.  Despite expressly acknowledging Jerry's "mixed claim" argument in his respondent's brief, Fux did not assert therein that Jerry had failed to raise the argument below.  Fux has not shown good cause for his failure to timely raise this argument; we therefore deem it forfeited and will not consider it. (See, e.g., *Kinney v. Vaccari* (1980) 27 Cal.3d 348, 356, fn. 6 ["An appellate court is not required to consider any point made for the first time at oral argument."].)

business" of those entities; and (2) actions supporting DIR's opposition to the petition in the provisional director action. The court went on to find that the first category collapsed into the second, because all the purported "advice and counsel" related to Fux's assistance with the provisional director action.

We agree with Jerry that the court's interpretation reads the allegations of the complaint too narrowly. The fourth cause of action expressly incorporated the complaint's earlier paragraphs, which included allegations that Fux violated his duty of loyalty and breached fiduciary duties owed to the joint entities by concurrently representing Ron and Ron's entities despite a conflict of interest. The complaint further alleged that as a result of his dual representation, Fux "has taken positions and undertaken actions contrary to the best interests" of the joint entities and their partners and shareholders, including assisting in business deals that allowed Ron to drain money from the joint entities. Jerry also alleged that he and the joint entities were harmed as a result of Fux's breaches. Moreover, within the fourth cause of action, Jerry alleged that Fux's duty of loyalty to the joint entities was in direct conflict with his representation of Ron and Ron's entities, that Fux aided Ron in business dealings with Curacao and DIR to the detriment of the joint entities, and that the joint entities and Jerry were harmed as a result of Fux's conduct. These allegations reflect conduct separate from Fux's actions in the provisional director action.

Fux has argued, and the trial court found, that the allegations of "advice and counsel" were too broad to support a claim for relief apart from the litigation-related conduct. We disagree. As detailed above, Jerry alleged that Fux advised and assisted Ron with various business dealings, purportedly as general counsel for both the joint entities and Ron's entities, in breach of his fiduciary duties, and that Jerry and the joint entities were harmed as a result. These allegations supply, albeit broadly, the elements of a cause of action for breach of fiduciary duty. (See *Charnay v. Cobert* (2006) 145 Cal.App.4th 170, 182 ["To establish a cause of action for breach of fiduciary duty, a plaintiff must demonstrate the existence of a fiduciary relationship, breach of that duty and damages."].) We therefore are not persuaded by Fux's argument that the breach of fiduciary duty claim arose only from the protected litigation conduct.

17

Conversely, we reject Jerry's contention that the fourth cause of action arose *only* from Fux's unprotected conduct, and that the litigation-related activity was simply "evidence" supporting that claim. "'If the core injury-producing conduct upon which the plaintiff's claim is premised does not rest on protected speech or petitioning activity, collateral or incidental allusions to protected activity will not trigger application of the anti-SLAPP statute.'" (*Area 51 Productions, Inc. v. City of Alameda* (2018) 20 Cal.App.5th 581, 594.) Here, however, the complaint alleged that Fux's protected conduct—his filing of a declaration and other assistance in opposing the provisional director action—was a substantial cause of the purported injury Jerry and the joint entities incurred when the petition was denied. As such, Fux's protected conduct was a basis for the claim of breach of fiduciary duty, not merely "a step leading to some different act for which liability is asserted." (*Wong v. Wong* (2019) 43 Cal.App.5th 358, 365.)

In sum, we conclude that Fux met his burden to establish that Jerry alleged a claim for breach of fiduciary duty arising out of Fux's protected litigation activity. On the other hand, Jerry also alleged a claim for breach of fiduciary duty arising out of non-protected activity. The trial court's order striking the fourth cause of action in its entirety was therefore error. (*Bonni, supra*, 11 Cal.5th at p. 1012 ["to the extent any acts are unprotected, the claims based on those acts will survive"].) We turn to the second step of the analysis for the portions of the fourth cause of action for which Fux met his step one burden.[10]

## III.   *Step Two: Likelihood of Success*

Once defendant satisfies the first step of the anti-SLAPP analysis, "the burden shifts to the plaintiff to demonstrate that each challenged claim based

---

**10** Fux asserted during oral argument on appeal that his actions outside of the scope of the provisional director action (i.e., his non-protected conduct) were nevertheless barred by the one-year statute of limitations because he was acting as an attorney. Fux failed to raise this argument prior to oral argument and has therefore forfeited it. (*Kinney v. Vaccari* (1980) 27 Cal.3d 348, 356, fn. 6.) Moreover, we do not proceed to step two, including examining the application of the statute of limitations, for non-protected activity.

on protected activity is legally sufficient and factually substantiated. The court, without resolving evidentiary conflicts, must determine whether the plaintiff's showing, if accepted by the trier of fact, would be sufficient to sustain a favorable judgment. If not, the claim is stricken." (*Baral, supra*, 1 Cal.5th at p. 396.) "The showing must be made through 'competent and admissible evidence.'" (*Gilbert v. Sykes* (2007) 147 Cal.App.4th 13, 26.) A plaintiff "'cannot simply rely on the allegations in the complaint.'" (*Alpha & Omega Development, LP v. Whillock Contracting, Inc.* (2011) 200 Cal.App.4th 656, 664.)

Setting aside the unprotected conduct and looking only at the claim based on the allegations of Fux's involvement in the provisional director action, Jerry must show that he has a probability of prevailing on the merits of that claim.[11] The trial court found that Jerry could not satisfy this burden because his claim was barred under the one-year statute of limitations. We agree.

Section 340.6 provides a one-year statute of limitations for actions against an attorney for professional malpractice. Jerry's claim for breach of fiduciary duty based on the provisional director action alleged that he was damaged by the denial of that action. Thus, the statute of limitations began to run when the court denied his petition for appointment of a provisional director in December 2018; at that point, he knew of Fux's allegedly wrongful conduct in filing the declaration, and he had allegedly suffered injury when his petition was denied. (See *Jordache Enterprises, Inc. v. Brobeck, Phleger & Harrison* (1998) 18 Cal.4th 739, 743 ["Actual injury occurs when the client suffers any loss or injury legally cognizable as damages in a legal malpractice action based on the asserted errors or omissions."].) Jerry's complaint, filed in June 2020, was therefore untimely.

Jerry contends that the limitations period was tolled while Fux continued to represent the joint entities, which continued even after the

---

[11] Because we focus only on the allegations of protected conduct, we need not reach Jerry's argument that a four-year statute of limitations applies because the complaint alleged a claim based on Fux's actions as a corporate officer, not as an attorney. We also note that this argument was not raised in Jerry's opening brief.

complaint was filed. That exception applies only while the attorney "continues to represent the plaintiff regarding the specific subject matter in which the alleged wrongful act or omission occurred." (§ 340.6, subd. (a)(2).) Here, the specific subject matter at issue was Fux's assistance in opposing the petition to appoint a provisional director. That assistance ended when the court denied the petition in December 2018. (See *Nguyen v. Ford* (2020) 49 Cal.App.5th 1, 12 ["'[t]he inquiry is not whether an attorney-client relationship still exists but when the representation of the specific matter terminated'"].) Jerry's argument that his claim involved Fux's representation of the joint entities and Jerry in broader business matters cannot square with his contention, and our finding above, that the claim was mixed, and therefore that we disregard the unprotected conduct and look only at the protected conduct in step two of the anti-SLAPP analysis. Accordingly, we find that Jerry failed to establish a probability of prevailing on his claim arising out of Fux's acts in connection with the provisional director action.

## DISPOSITION

The order granting the motion to strike is affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. The parties are to bear their own costs on appeal.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

COLLINS, ACTING P.J.

We concur:

MORI, J.

20

ZUKIN, J.*

---

21